Enedina RODRIGUEZ, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 02–3186.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 11, 2002.

Before MAYER, Chief Judge,
CLEVENGER and RADER, Circuit
Judges.

PER CURIAM.

Enedina Rodriguez seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the denial by the Office of Personnel Management ("OPM") of her application for disability retirement. *Rodriguez v. Office of Pers. Mgmt.*, No. SF844010091–I–1, 91 M.S.P.R. 131 (Jan. 8, 2002). We *dismiss* the petition for review.

I

On February 10, 2000, Ms. Rodriguez applied for disability retirement under the Federal Employees' Retirement System ("FERS"). The applicant bears the burden of establishing entitlement to a disability retirement annuity by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2) (2002). Among other things, the applicant must show, by preponderant evidence, that she is unable, because of disease or injury, to render useful and efficient service in her position for a period of at least one year, *see* 5 U.S.C. § 8451(a)(1)(B) (1996), and

that she cannot be accommodated in her current position and is not qualified for reassignment to a vacant position at the same grade or level in which she could render useful and efficient service. *See* 5 U.S.C. § 8451(a)(2) (1996).

After a telephonic hearing at which Ms. Rodriguez was represented by counsel, the Administrative Judge assigned to this case concluded that Ms. Rodriguez had failed to prove by preponderant evidence that her medical condition prevented her from rendering useful and efficient service and that her employer, the U.S. Postal Service, was unable to accommodate her with employment that took account of her medical condition. Therefore, the Administrative Judge held that OPM correctly denied Ms. Rodriguez's application for disability retirement.

Acting pro se, Ms. Rodriguez sought review by the Board of the initial decision of the Administrative Judge. The Board denied her petition for review, and she then sought review in this court of the final Board decision.

II

We must affirm a final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See* 5 U.S.C. § 7703(c) (1996). Further, when the Board's decision rests upon findings of fact, we must accept the Board's fact-findings if they are supported by substantial evidence. *See id.*

In cases of OPM's denial of applications for disability retirement, our standard of review of the final Board decision sustaining OPM's denial is further limited. In *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court held that this court is without power to review the

Board's factual determinations on whether an applicant has shown entitlement by preponderant evidence to disability retirement. Our review authority in disability retirement cases only permits us to determine whether there has been a substantial departure from important procedural rights, a misconstruction of applicable law, or some other error going to the "heart of the administrative determination." *Id.* at 780. This court has held that *Lindahl* applies to applications for disability retirement under FERS. *See Anthony v. Office of Pers. Mgmt.,* 58 F.3d 620, 624–26 (Fed. Cir.1995).

In her petition for review to this court, Ms. Rodriguez challenges the factual determinations made by the Board in affirming OPM's decision to deny her application. In that petition, she alleges that the Board failed to give proper weight to record evidence that she argues would establish the extent of her injuries. Ms. Rodriguez does not allege deprivation of any procedural rights or errors by the Board in its application of the governing law to the facts of her case. For that reason, she does not raise any issue over which we have authority to review the decision of the Board. Under *Lindahl* and *Anthony,* we have no jurisdiction to consider her challenges to the factual determinations made by the Board and therefore we dismiss her petition for review.